UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELODY JANNEL RODGERS,

                          Plaintiff,

                  -against-

B&H PHOTO VIDEO,

                          Defendant.

24-CV-6642 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a North Carolina resident who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. By order dated September 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] On May 27, 2024, B&H offered to

purchase Plaintiff's video camera for $8,000. Plaintiff mailed the camera to B&H, but after

receiving the camera, B&H decided that the camera "was not worth their original offer." (ECF 1,

at 7.) B&H informed Plaintiff that it would return the camera and provided Plaintiff with a

FedEx tracking number. Plaintiff, however, never received her equipment. Plaintiff filed a lost

package claim with FedEx, but FedEx denied the claim "because they had already settled the

claim with the shipper." (*Id.*) Plaintiff contacted B&H about the lost package, but the individual

to whom she spoke denied knowledge of the package or the claim B&H submitted to FedEx.

B&H finally admitted to filing the claim and receiving a settlement but refused to pay Plaintiff

the settlement money. B&H claimed it needed to conduct an investigation but never reimbursed

Plaintiff.

Plaintiff contends that she suffered the following actual losses: (1) $24,130 for the

equipment (if purchased new); (2) loss of rental value of $100 per day; and (3) loss of work

hours pursuing claim with B&H, totaling $3,400.

Plaintiff asserts claims of fraud and seeks compensatory and punitive damages.

---

[1] The Court quotes verbatim from the complaint. All spelling, grammar, and punctuation
are as in the original, unless noted otherwise.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). The claims asserted in the complaint arise under state law. Thus, the Court cannot exercise federal question jurisdiction of the claims.

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendants are citizens of different States. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

When calculating the amount in controversy, courts do not count punitive damages in the calculation if they are not recoverable under New York law on the claim for which they are sought. *See Fairman v. Hurley*, 373 F. Supp. 2d 227, 234-35 (W.D.N.Y. 2005) (citing 15 Moore's Federal Practice § 102.106[4]). A plaintiff should not be "permit[ted] unwarranted access to the federal courts . . . by the simple device of pleading punitive damages when the remedies in State court are available to fully and fairly compensate for the alleged breaches." *Novosel v. Northway Motor Car Corp.*, 460 F. Supp. 541, 546 (N.D.N.Y. 1978),

Under New York law, "[p]unitive damages are not available 'in the ordinary fraud and deceit case.'" *Hoeffner v. Orrick, Herrington & Sutcliffe LLP*, 924 N.Y.S.2d 376, 377 (2011) (quoting *Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961) (internal quotation marks and citation omitted)). Punitive damages "are permitted only when a 'defendant's wrongdoing is not simply intentional but 'evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations.'" *Id.* (quoting *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 489 (2007) (internal citations omitted) (alternation in the original)). Thus, "[m]ere commission of a tort, even an intentional tort requiring proof of common law malice, is insufficient; there must be circumstances of aggravation or outrage, or a fraudulent or evil motive on the part of the defendant" *Id.* (internal citation omitted).

Where the "court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case is dismissed for lack of subject matter jurisdiction." *Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 507 n.5 (2d Cir. 2005).

Plaintiff invokes the Court's diversity jurisdiction and satisfies the citizenship requirement under the statute – she is domiciled in North Carolina and Defendant is domiciled in New York. She does not allege facts, however, demonstrating that the Court has diversity jurisdiction of this action because the amount in controversy does not exceed $75,000. Rather, Plaintiff's allegations suggest that the amount in controversy equals $27,530 for the alleged loss of the camera equipment and work hours. Plaintiff also alleges that she can no longer rent her camera for the $100 per rental that it is worth. To exceed $75,000, Plaintiff would need to argue that she lost more than 474 hours of rental time. The complaint does not state any facts, however, suggesting that she can recover for this alleged loss. She therefore cannot show, to a legal certainty, that she can meet the jurisdictional amount. The Court therefore cannot exercise diversity jurisdiction of her claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to show that the amount in controversy exceeds $75,000, the Court grants

5

Plaintiff 30 days' leave to amend her complaint to detail her claims. In the alternative, Plaintiff may pursue the relief she seeks in the state courts.[2]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## REFERRAL TO THE CITY BAR JUSTICE CENTER

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment.

If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). A flyer from the City Bar Justice Center is attached to this order.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

No summons shall issue at this time. The Court therefore directs the Clerk of Court to terminate the motion at ECF 8, which requests service by the U.S. Marshals Service.

A flyer from the City Bar Justice Center is attached to this order.

---

[2] The Court offers no opinion as to the viability of any state court action Plaintiff may want to pursue.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is instructed to keep this action open on the docket until judgment is entered.

SO ORDERED.

Dated:    November 15, 2024
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.



- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

**Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)